UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JULIO DIAZ,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x

ORIGINAL  D&F c/m

**MEMORANDUM AND ORDER**
Case No. 07-CV-1685 (FB)

*Appearances:*
*For the Petitioner:*
JULIO DIAZ, *pro se*
#71132-053
FCI Loretto
P.O. Box 1000
Loretto, PA 15940

*For the Respondent:*
CARTER H. BURWELL, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, District Judge:**

*Pro se* petitioner Julio Diaz ("Diaz") moves pursuant to 28 U.S.C. § 2255 to vacate his sentence for conspiring to distribute heroin and cocaine. Diaz argues that he received ineffective assistance of counsel in that he was induced to plead guilty and to decline to request a *Fatico* hearing[1] regarding drug amounts by his attorney's promises that he would receive the statutory minimum sentence of ten years. He also argues that his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because he did not plead to the specific amount of drugs that was used to determine his sentence. The petition is denied.

Diaz pled guilty to one count of conspiring to distribute more than one

---

[1] *See United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978).

1

kilogram of heroin, in violation of 21 U.S.C. §§ 960(a)(1), 960(b)(1)(A), 963, and one count of conspiring to distribute more than one kilogram of heroin and more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(i), 841(b)(1)(B)(ii)(II), 846. The plea allocution included the following exchange:

> THE COURT: Mr. Diaz, other than the agreement that the government will not proceed against you on the basis of Counts 3, 4 and 5, has anyone made any promise that has caused you to plead guilty?
>
> DEFENDANT DIAZ: No.
>
> THE COURT: . . . . Has anyone made any promise to you as what your sentence will be? . . .
>
> DEFENDANT DIAZ: No.

Plea Tr. 46, Mar. 3, 2005.[2] Diaz also admitted, in his own words, to conspiring to bring more than one kilogram of heroin and more than 500 grams of cocaine into the United States. Plea Tr. 51-52. The Court sentenced Diaz to a 210-month term of incarceration.

Claims of ineffective assistance of counsel are governed by the *Strickland* two-prong test: petitioner must show both (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

---

[2] The government submitted an affidavit from Diaz's trial counsel, Joseph Schioppi ("Schioppi"). Schioppi denies making a promise as to sentence length and states that he told Diaz that the length of the sentence was at the sole discretion of the sentencing judge and that a *Fatico* hearing would likely result in a longer sentence because the government would be able to present damaging evidence. Schioppi Aff. 1-2, Dec. 17, 2007.

2

A "district court [is] entitled to rely upon the defendant's sworn statements, made in open court with the assistance of a translator, that he understood the consequences of his plea, had discussed the plea with his attorney, . . . and *had been made no promises* except those contained in the plea agreement." *United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) (upholding denial of motion to withdraw guilty plea under framework of *Strickland*) (emphasis added); *see also United States v. Gonzalez*, 970 F.2d 1095, 1101 (2d Cir. 1992) (holding that defendant may not withdraw his plea based on "unsupported allegations, which merely contradicted [defendant's] earlier statements made under oath at his plea allocution"); *Johnson v. Fogg*, 653 F.2d 750, 752-53 (2d Cir. 1981) (holding that an evidentiary hearing is not necessary where § 2255 petitioner, *inter alia*, claimed that his attorney misinformed him as to sentencing exposure and where petitioner had stated during plea colloquy that no promises as to sentence were made). *Cf. LoCascio v. United States*, 395 F.3d 51, 57 (2d Cir. 2005) (holding an evidentiary hearing necessary where affidavit stated that trial counsel had received death threat from co-defendant, but indicating that "[m]ere generalities or hearsay statements will not normally entitle the applicant to a hearing" (quoting *Dalli v. United States*, 491 F.2d 758, 760 (2d Cir. 1974) (alteration in original)). Since Diaz's sworn testimony at his plea allocution states that he received no promise, his present allegations of a promise do not warrant a finding of ineffective assistance of counsel.

Turning to Diaz's *Apprendi* argument, although he did not plead to the specific drug amounts involved in the conspiracy, he did plead to the amounts that were elements of the offense: more than one kilogram of heroin and more than 500 grams of

3

cocaine. "The drug quantities specified in 21 U.S.C. § 841 are elements that must be pleaded and proved to a jury *or admitted by a defendant* . . . ." *United States v. Gonzalez*, 420 F.3d 111, 133-34 (2d Cir. 2005) (emphasis added). "[I]t is well established that a defendant's plea allocution effectively waives the requirement of submitting the quantity question to the jury . . . ." *United States v. Cordoba-Murgas*, 422 F.3d 65, 66 (2d Cir. 2005). Diaz's plea exposed him to a statutory sentencing range of ten years to life. *See* 28 U.S.C. §§ 841(b)(1)(A), 960(b)(1). Given a plea triggering a statutory range, the court has the authority to make further determinations of drug quantity relevant to the calculation of the sentence within that range. *See Cordoba-Murgas*, 422 F.33d at 71 ("[T]he rule of *Apprendi* . . . does not strip district courts of the authority to make factual findings as to drug quantity for use in sentencing, so long as the resulting sentence does not exceed the applicable statutory maximum."); *United States v. Garcia*, 240 F.3d 180, 183 (2d Cir. 2001) ("We see nothing in the Court's holding in *Apprendi* or its explication of the holding that alters a sentencing judge's traditional authority to determine those facts relevant to selection of an appropriate sentence within the statutory maximum . . . .").

Since Diaz's 210-month sentence fell between the statutory minimum and maximum terms of incarceration, it did not violate *Apprendi*.

## CONCLUSION

The petition is denied. A certificate of appealability will not issue because Diaz has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

s/Frederic Block

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
September 22, 2008